IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHIA KONIDARIS, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | ELECTRONICALLY FILED |
| | ) | |
| MAIN STREET ACQUISITION CORP., | ) | |
| FREDERIC I. WEINBERG, ESQUIRE, | ) | JURY TRIAL DEMANDED |
| JOEL M. FLINK, ESQUIRE, and THE LAW | ) | |
| OFFICES OF FREDERIC I. WEINBERG | ) | |
| & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

Plaintiff brings this action to redress, under both, federal and Pennsylvania law, the abusive

debt collection practices in which Defendants have engaged.

## Parties

1)      Plaintiff, Sophia Konidaris ("Konidaris") is an adult individual residing in Allegheny

County, Pennsylvania.

2)      Defendant,  Main Street Acquisition Corp. ("Main Street),  is a corporation with a

principal place of business located at 2877 Paradise Road, Unit 303, Las Vegas, NV, 89109. Main

Street also maintains offices throughout the United States, including New York and Georgia.

3)      Main Street regularly conducts business within the Commonwealth of Pennsylvania

and within Allegheny County.

4)      Main Street regularly purchases and collects defaulted consumer debt as a significant

part of its business.

1

5)      Defendant,  Frederic I. Weinberg ("Weinberg"),  is an attorney licensed to practice law by the Commonwealth of Pennsylvania, with a place of business located at 375 East Elm Street, Suite 210, Conshohocken, PA, 19428.

6)      Defendant,  Joel M. Flink  ("Flink"),  is an attorney licensed to practice law by the Commonwealth of Pennsylvania, with a place of business located at 375 East Elm Street, Suite 210, Conshohocken, PA, 19428.

7)      The Law Offices of Frederic I. Weinberg & Associates, P.C. ("Weinberg Law"),  is a  professional corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with an address of 375 East Elm Street, Suite 210, Conshohocken, PA, 19428.

8)      At  all  times  material  hereto, Weinberg and Flink were engaged in and acting on behalf of Weinberg Law.

9)      At all times material hereto, Weinberg, Flink, and Weinberg Law were engaged in and acting on behalf of Main Street.

10)     Weinberg, Flink, and Weinberg Law regularly  collect  consumer debts as part of their practice, and  a  significant percentage of their work is devoted to consumer debt collection.

**Nature of this Action**

11)     Konidaris brings this action against entities  in  the  business  of  consumer debt collection, seeking redress for the abusive collection practices to which they have subjected her, which practices constitute violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, et seq. (the "FCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1, et seq. (the "UTPCPL").

## Jurisdiction

12)     This Court has jurisdiction over the federal question subject matter of this consumer

protection action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C § 1331. It has supplemental

jurisdiction, under 28 U.S.C § 1367, over Konidaris's state law claims.

## Venue

13)     Venue is proper in this District pursuant to 28 U.S.C § 1391(b), as Defendants'

unlawful debt collection practices took place within this District.

## Factual Background

14)     On July 27, 2010, a Civil Action Complaint was filed against Konidaris on behalf of

Main Street in the Court of Common Pleas of Allegheny County, Pennsylvania, at No. AR 10-

006134. The Complaint was filed by Main Street's former counsel, Edwin A. Abrahamsen &

Associates, who have not been named as Defendants in this matter.

15)     The basis of Main Street's Complaint concerned the alleged use of an HSBC

Bank Nevada, N.A., Saks Platinum Mastercard credit account by Konidaris, and her alleged failure

to make payment on that account. In its Complaint, Main Street alleged that Konidaris's account

became delinquent in 2009, was charged off, and at a later date was sold by HSBC Bank Nevada,

N.A., to Main Street. At time of filing of the Complaint, the claimed outstanding principal balance

was $2,619.82, and, with accrued interest, the amount sought in the prayer for relief was $2,800.66.

A copy of the Complaint is attached hereto as Exhibit "A."

16)     Konidaris and Main Street, by its then-counsel, Edwin A. Abrahamsen & Associates,

reached a Settlement Agreement, which was reduced to a writing on September 23, 2010. In that

Agreement, the parties agreed that the outstanding current balance was $2,701.29, and that Konidaris would make payments on account, with a $200.00 downpayment to be due on or before August 25, 2010, and subsequent monthly payments of $128.00, beginning September 25, 2010, to be due on or before the 25th of each month, until the balance was paid in full. In the meantime, ***interest would not accrue***, as long as payments continued to be made. A copy of the September 23, 2010 Settlement Agreement is attached hereto as Exhibit "B."

17)    However, on October 29, 2010, Main Street obtained an ex parte award in an arbitration hearing, which Konidaris did not attend, believing the matter to be settled. The award obtained was in the amount of the original claim, or $2,800.66, without credit for payments made in August, September, and October of 2010. Furthermore, the award eventually was reduced to judgment on March 31, 2011, again in the amount of $2,800.66, with no credit for monthly payments made since August of 2010. A copy of the Allegheny County docket entries for AR 10-006134 are attached hereto as Exhibit "C."

18)    Konidaris continued to make her monthly payments until April of 2012. At that time, Konidaris, believing that her balance was under $70.00, requested that Main Street give her a running balance as to what remained owing on account. When her request was denied, she discontinued her payments.

19)    On May 28, 2015, Weinberg, Flink, and Weinberg Law entered an appearance as counsel of record for Main Street. On August 3, 2015, Weinberg, Flink, and Weinberg Law proceeded to file a Praecipe for a Writ of Execution, naming as a Garnishee Citizens Bank of Pennsylvania ("Citizens Bank"), where Konidaris had her personal bank accounts. However, the Praecipe asked that the Writ be issued in the full amount of the March 31, 2011 judgment–

$2,800.66, plus $839.27 in interest accrued from July 27, 2010, and attorneys' costs, with no credit whatsoever for the payments made by Konidaris from August 25, 2010, through April of 2012. A copy of the August 3, 2015 Praecipe for Writ of Execution is attached hereto as Exhibit "D."

20)    Konidaris's bank accounts were frozen upon service of the execution. Two of these accounts are held in joint name with third parties, with right of survivorship. A copy of the Answers to Interrogatories filed by Citizens Bank is attached hereto as Exhibit "E."

21)    Konidaris was obliged to retain and pay counsel to contest the execution with the Sheriff of Allegheny County.

22)    Ultimately, the Sheriff of Allegheny County sustained the objections filed by counsel to Konidaris, and, on December 9, 2015, Main Street dissolved the execution against the Garnishee, Citizens Bank.

23)    Konidaris suffered severe emotional distress, embarrassment, and mental anguish as a result of the issuance of the foregoing Writ of Execution and service thereon upon the Garnishee, Citizens Bank.

### Count I - Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., as to Main Street Acquisition Corp.

24)    The allegations of Paragraphs 1 through 23 are incorporated herein by reference.

25)    The amount that Main Street claimed in its original Complaint against Konidaris, if owed at all, was comprised of charges on Konidaris's credit card for money, property, insurance or services, incurred primarily for personal, family or household purposes.

26)    The alleged balance on this account, therefore, is a "debt"within the meaning of the FDCPA, 15 U.S.C. § 1692a(5).

27)      The account,  as set forth in the original Complaint,  was assigned by HSBC Bank Nevada, N.A., the original creditor, to Main Street. Main Street allegedly purchased and received an assignment of this account, ***after it was already in default***. As such, Main Street is a "debt collector," with the meaning of 15 U.S.C. § 1692a(6).

28)      Konidaris is a "natural person," and Main Street claims that she owes a "debt." Thus, Konidaris is a "consumer"within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

29)      Pursuant to 15 U.S.C. § 1692e, "(A) debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A false representation includes, but is not limited to:

(a)      the false representation of the character, amount, or legal status of any debt [15 U.S.C. § 1692e(2)(A)];

(b)      communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed [15 U.S.C. § 1692e(8)]; and

(c)      the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [15 U.S.C. § 1692e(10)].

30)      Furthermore, pursuant to 15 U.S.C. § 1692f, "(A) debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." While Section 1692f does not limit violations to those practices which are specifically set forth in the statutory language, one of the specified violations is "(T)he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" [15 U.S.C. § 1692f(1)].

31)     In seeking and obtaining a Writ of Execution in the original amount alleged in the Complaint, i.e., $2,800.66, with interest upon the original full amount of the debt as alleged in the Complaint, i.e., interest going back to July 27, 2010, and with no credit or reduction for payments made by Konidaris, Main Street has misrepresented the "character, amount, or legal status," and thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 15 U.S.C. § 1692e(2)(A).

32)     In serving a Writ of Execution upon Citizens Bank as a Garnishee, and attempting to garnish the original amount alleged in the Complaint, i.e., $2,800.66, as well as interest upon the original amount, with no credit or reduction for payments made by Konidaris, Main Street has communicated "credit information which is known or should be known to be false" to a third party, and thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 15 U.S.C. § 1692e(8).

33)     Main Street's conduct in seeking and obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Main Street's further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors herein described, falls within the purview of "the use of [a] false representation or deceptive means to collect or attempt to collect [a] debt," within the meaning of 15 U.S.C. § 1692e(10).

34)     Furthermore, Main Street's conduct in seeking and obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Main Street's further conduct in having the Writ served upon the Garnishee, with the gross and

7

unmistakable errors herein described, is an attempt to collect an amount neither "expressly authorized by the (parties') agreement," nor "permitted by law." Such conduct constitutes the use of " unfair or unconscionable means to collect or attempt to collect any debt," within the meaning of 15 U.S.C. § 1692f(1).

WHEREFORE, Konidaris respectfully requests that this Court enter judgment in her favor and against Main Street Acquisition Corp. as follows:

(a)     for actual damages, to be proven at trial, for Main Street's failure to comply with the provisions of the FDCPA;

(b)     for statutory damages in the amount of $l,000 for each FDCPA violation committed by Main Street; and

(c)     for the costs of this action together with Konidaris's reasonable attorney fees in bringing this action.

### Count II - Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., as to Frederic I. Weinberg

35)     The allegations of Paragraphs 1 through 34 are incorporated herein by reference.

36)     Because Weinberg regularly collects consumer debts as part of his practice and because a substantial percentage of Weinberg's work is devoted to consumer debt collection, Weinberg is also a "debt collector," with the meaning of 15 U.S.C. § 1692a(6).

37)     At all times material thereto, Weinberg acted on behalf of Main Street, a debt collector, and thus Weinberg is a "debt collector," with the meaning of 15 U.S.C. § 1692a(6).

38)     The amount that Main Street claimed in its original Complaint against Konidaris, if owed at all, was comprised of charges on Konidaris's credit card for money, property, insurance or services, incurred primarily for personal, family or household purposes.

39)     The alleged balance on this alleged account, therefore, is a "debt"within the meaning of the FDCPA [15 U.S.C. § 1692a(5)].

40)     Konidaris is a "natural person," and Weinberg, in filing the Writ of Execution, claims that she owes a "debt." Thus, Konidaris is a "consumer"within the meaning of the FDCPA [15 U.S.C. § 1692a(3)].

41)     Pursuant to 15 U.S.C. § 1692e, "(A) debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A false representation includes, but is not limited to:

(a)     the false representation of the character, amount, or legal status of any debt [15 U.S.C. § 1692e(2)(A)];

(b)     communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed [15 U.S.C. § 1692e(8)]; and

(c)     the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [15 U.S.C. § 1692e(10)].

42)     Furthermore, pursuant to 15 U.S.C. § 1692f, "(A) debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." One of the specified violations is "(T)he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" [15 U.S.C. § 1692f(1)].

43)     In seeking and obtaining a Writ of Execution in the original amount alleged in the Complaint, i.e., $2,800.66, with interest upon the original full amount of the debt as alleged in the Complaint, i.e., interest going back to July 27, 2010, and with no credit or reduction for payments

made by Konidaris, Weinberg has misrepresented the "character, amount, or legal status," and thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 15 U.S.C. § 1692e(2)(A).

44)     In serving a Writ of Execution upon Citizens Bank as a Garnishee,  and attempting to garnish the original amount alleged in the Complaint, i.e., $2,800.66, as well as interest upon the original amount, with no credit or reduction for payments made by Konidaris, Weinberg has communicated "credit information which is known or should be known to be false" to a third party, and thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 15 U.S.C. § 1692e(8).

45)     Weinberg's conduct in seeking and  obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Weinberg's further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors  herein described, falls within the purview of "the use of [a] false representation or deceptive means to collect or attempt to collect [a] debt," within the meaning of 15 U.S.C. § 1692e(10).

46)     Furthermore, Weinberg's conduct in seeking and obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Weinberg's further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors herein described, is an attempt to collect an amount neither "expressly authorized by the (parties') agreement," nor "permitted by law." Such conduct constitutes the use of " unfair or unconscionable means to collect or attempt to collect any debt," within the meaning of 15 U.S.C. § 1692f(1).

WHEREFORE, Konidaris respectfully requests that this Court enter judgment in her favor and against Frederic I. Weinberg as follows:

    (a)    for actual damages, to be proven at trial, for Weinberg's failure to comply with the provisions of the FDCPA;

    (b)    for statutory damages in the amount of $l,000 for each FDCPA violation committed by Weinberg; and

    (c)    for the costs of this action together with Konidaris's reasonable attorney fees in bringing this action.

### Count III - Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., as to Joel M. Flink

47)    The allegations of Paragraphs 1 through 46 are incorporated herein by reference.

48)    Because Flink regularly collects consumer debts as part of his practice and because a substantial percentage of Flink's work is devoted to consumer debt collection, Flink is also a "debt collector," with the meaning of 15 U.S.C. § 1692a(6).

49)    At all times material thereto, Flink acted on behalf of Main Street, a debt collector, and thus Flink is a "debt collector," with the meaning of 15 U.S.C. § 1692a(6).

50)    The amount that Main Street claimed in its original Complaint against Konidaris, if owed at all, was comprised of charges on Konidaris's credit card for money, property, insurance or services, incurred primarily for personal, family or household purposes.

51)    The alleged balance on this alleged account, therefore, is a "debt"within the meaning of the FDCPA [15 U.S.C. § 1692a(5)].

52)     Konidaris is a "natural person,"and Flink, in filing the Writ of Execution, claims that she owes a "debt." Thus, Konidaris is a "consumer"within the meaning of the FDCPA [15 U.S.C. § 1692a(3)].

53)     Pursuant to 15 U.S.C. § 1692e, "(A) debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A false representation includes, but is not limited to:

     (a)     the false representation of the character, amount, or legal status of any debt [15 U.S.C. § 1692e(2)(A)];

     (b)     communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed [15 U.S.C. § 1692e(8)]; and

     (c)     the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [15 U.S.C. § 1692e(10)].

54)     Furthermore, pursuant to 15 U.S.C. § 1692f, "(A) debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." One of the specified violations is "(T)he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" [15 U.S.C. § 1692f(1)].

55)     In seeking and obtaining a Writ of Execution in the original amount alleged in the Complaint, i.e., $2,800.66, with interest upon the original full amount of the debt as alleged in the Complaint, i.e., interest going back to July 27, 2010, and with no credit or reduction for payments made by Konidaris, Flink has misrepresented the "character, amount, or legal status," and thus has

used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt"

within the meaning of 15 U.S.C. § 1692e(2)(A).

56)     In serving a Writ of Execution upon Citizens Bank as a Garnishee,  and attempting

to garnish the original amount alleged in the Complaint, i.e., $2,800.66, as well as interest upon the

original amount, with no credit or reduction for payments made by Konidaris, Flink has

communicated "credit information which is known or should be known to be false" to a third party,

and thus has used "[a] false, deceptive or misleading representation ... in connection with the

collection of a debt" within the meaning of 15 U.S.C. § 1692e(8).

57)     Flink's conduct in seeking and obtaining a Writ of Execution in an amount in excess

of the actual remaining principal balance, with interest going back to the date of the filing of the

original Complaint, with no credit or reduction for payments made, and Flink's further conduct in

having the Writ served upon the Garnishee, with the gross and unmistakable errors herein described,

falls within the purview of "the use of [a] false representation or deceptive means to collect or

attempt to collect [a] debt," within the meaning of 15 U.S.C. § 1692e(10).

58)     Furthermore, Flink's conduct in seeking and obtaining a Writ of Execution in

an amount in excess of the actual remaining principal balance, with interest going back to the date

of the filing of the original Complaint, with no credit or reduction for payments made, and Flink's

further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors

herein described, is an attempt to collect an amount neither "expressly authorized by the (parties')

agreement," nor "permitted by law." Such conduct constitutes the use of " unfair or unconscionable

means to collect or attempt to collect any debt," within the meaning of 15 U.S.C. § 1692f(1).

13

WHEREFORE, Konidaris respectfully requests that this Court enter judgment in her favor and against Joel M. Flink as follows:

      (a)     for actual damages, to be proven at trial, for Flink's failure to comply with the provisions of the FDCPA;

      (b)     for statutory damages in the amount of $l,000 for each FDCPA violation committed by Flink; and

      (c)     for the costs of this action together with Konidaris's reasonable attorney fees in bringing this action.

### Count IV - Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., as to The Law Offices of Frederic I. Weinberg & Associates, P.C.

59)     The allegations of Paragraphs 1 through 58 are incorporated herein by reference.

60)     Because Weinberg Law regularly collects consumer debts as part of its practice and because a substantial percentage of Weinberg Law's work is devoted to consumer debt collection, Weinberg Law is also a "debt collector," with the meaning of 15 U.S.C. § 1692a(6).

61)     At all times material thereto, Weinberg Law acted on behalf of Main Street, a debt collector, and thus Weinberg Law is a "debt collector," with the meaning of 15 U.S.C. § 1692a(6).

62)     The amount that Main Street claimed in its original Complaint against Konidaris, if owed at all, was comprised of charges on Konidaris's credit card for money, property, insurance or services, incurred primarily for personal, family or household purposes.

63)     The alleged balance on this alleged account, therefore, is a "debt"within the meaning of the FDCPA [15 U.S.C. § 1692a(5)].

64)     Konidaris is a "natural person," and Weinberg Law, in filing the Writ of Execution, claims that she owes a "debt." Thus, Konidaris is a "consumer"within the meaning of the FDCPA [15 U.S.C. § 1692a(3)].

65)     Pursuant to 15 U.S.C. § 1692e, "(A) debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A false representation includes, but is not limited to:

      (a)        the false representation of the character, amount, or legal status of any debt [15 U.S.C. § 1692e(2)(A)];

      (b)        communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed [15 U.S.C. § 1692e(8)]; and

      (c)        the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [15 U.S.C. § 1692e(10)].

66)     Furthermore, pursuant to 15 U.S.C. § 1692f, "(A) debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." One of the specified violations is "(T)he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" [15 U.S.C. § 1692f(1)].

67)     In seeking and obtaining a Writ of Execution in the original amount alleged in the Complaint, i.e., $2,800.66, with interest upon the original full amount of the debt as alleged in the Complaint, i.e., interest going back to July 27, 2010, and with no credit or reduction for payments made by Konidaris, Weinberg Law has misrepresented the "character, amount, or legal status," and

thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 15 U.S.C. § 1692e(2)(A).

68)     In serving a Writ of Execution upon Citizens Bank as a Garnishee,  and attempting to garnish the original amount alleged in the Complaint, i.e., $2,800.66, as well as interest upon the original amount, with no credit or reduction for payments made by Konidaris, Weinberg Law has communicated "credit information which is known or should be known to be false" to a third party, and thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 15 U.S.C. § 1692e(8).

69)     Weinberg Law's conduct in seeking and obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Weinberg Law's further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors herein described, falls within the purview of "the use of [a] false representation or deceptive means to collect or attempt to collect [a] debt," within the meaning of 15 U.S.C. § 1692e(10).

70)     Furthermore, Weinberg Law's conduct in seeking and obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Weinberg Law's further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors herein described, is an attempt to collect an amount neither "expressly authorized by the (parties') agreement," nor "permitted by law." Such conduct constitutes the use of " unfair or unconscionable means to collect or attempt to collect any debt," within the meaning of 15 U.S.C. § 1692f(1).

WHEREFORE, Konidaris respectfully requests that this Court enter judgment in her favor and against The Law Offices of Frederic I. Weinberg & Associates, P.C., as follows:

(a)    for actual damages, to be proven at trial, for Weinberg's failure to comply with the provisions of the FDCPA;

(b)    for statutory damages in the amount of $l,000 for each FDCPA violation committed by Weinberg; and

(c)    for the costs of this action together with Konidaris's reasonable attorney fees in bringing this action.

**Count V – Violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1. et. seq. ("FCEUA"), Against Main Street Acquisition Corp.**

71)    The allegations of Paragraphs 1 through 70 are incorporated herein by reference.

72)    The amount that Main Street claimed in its original Complaint against Konidaris, if owed at all, was comprised of charges on Konidaris's credit card for money, property, insurance or services, incurred primarily for personal, family or household purposes.

73)    Therefore, this amount,  if it was owed at all,  was a "debt" within the meaning of Section 3 of the FCEUA, 73 P.S. § 2270.3.

74)    Because it has been alleged that Konidaris owed a "debt" on an account used for personal, family or household purposes, Konidaris also is a  "consumer" within the meaning of Section 3 of the FCEUA, 73 P.S. § 2270.3.

75)    Because Main Street conducts business within this Commonwealth under its name as an entity "to whom a debt is owed or alleged to be owed," Main Street is a "creditor" within the meaning of Section 3 of the FCEUA, 73 P.S. § 2270.3.

76)     Pursuant to 73 P.S. § 2270.4(b)(5), "(A) creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." A false representation includes, but is not limited to:

(a)     the false representation of the character, amount, or legal status of any debt [73 P.S. § 2270.4(b)(5)(ii)];

(b)     communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed [73 P.S. § 2270.4(b)(5)(viii)]; and

(c)     the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [73 P.S. § 2270.4(b)(5)(x)].

77)     Furthermore, pursuant to 73 P.S. § 2270.4(b)(6), "(A) creditor may not use unfair or unconscionable means to collect or attempt to collect any debt." While Section 2270.4(b)(6) does not limit violations to those practices which are specifically set forth in the statutory language, one of the specified violations is "(T)he collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law" [73 P.S. § 2270.4(b)(6)(i)].

78)     In seeking and obtaining a Writ of Execution in the original amount alleged in the Complaint, i.e., $2,800.66, with interest upon the original full amount of the debt as alleged in the Complaint, i.e., interest going back to July 27, 2010, and with no credit or reduction for payments made by Konidaris, Main Street has misrepresented the "character, amount, or legal status," and thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 73 P.S. § 2270.4(b)(5)(ii).

79)     In serving a Writ of Execution upon Citizens Bank as a Garnishee, and attempting to garnish the original amount alleged in the Complaint, i.e., $2,800.66, as well as interest upon the original amount, with no credit or reduction for payments made by Konidaris, Main Street has communicated "credit information which is known or should be known to be false" to a third party, and thus has used "[a] false, deceptive or misleading representation ... in connection with the collection of a debt" within the meaning of 73 P.S. § 2270.4(b)(5)(viii).

80)     Main Street's conduct in seeking and obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Main Street's further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors herein described, falls within the purview of "the use of [a] false representation or deceptive means to collect or attempt to collect [a] debt," within the meaning of 73 P.S. § 2270.4(b)(5)(x).

81)     Furthermore, Main Street's conduct in seeking and obtaining a Writ of Execution in an amount in excess of the actual remaining principal balance, with interest going back to the date of the filing of the original Complaint, with no credit or reduction for payments made, and Main Street's further conduct in having the Writ served upon the Garnishee, with the gross and unmistakable errors herein described, is an attempt to collect an amount neither "expressly authorized by the (parties') agreement," nor "permitted by law." Such conduct constitutes the use of " unfair or unconscionable means to collect or attempt to collect any debt," within the meaning of 73 P.S. § 2270.4(b)(6)(i).

WHEREFORE, Konidaris respectfully requests that this Court enter judgment in her favor against Main Street Acquisition Corp. as follows:

19

(a)     for actual damages, to be proven at trial, for Main Street' s failure to comply with the provisions of the FCEUA;

(b)     for the expense, including attorney fees, to be proven at trial, that Konidaris incurred in defending against the excessive and erroneous Writ of Execution wrongfully sought and obtained against her, and in attempting to dissolve the attachment of her bank accounts, both individually held and held jointly with third parties;

(c)     for punitive damages, to be proven at trial; and

(d)     for the costs of this action, together with Konidaris's reasonable attorney fees in bringing this action.


### Count VI - Violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1. et. seq., Against Main Street Acquisition Corp.

82)     The allegations of Paragraphs 1 through 81 are incorporated herein by reference.

83)     Section 5(a) of the FCEUA, 73 P.S. § 2270.5(a), provides that "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under the act, it shall constitute a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law." 73 P.S. § 201-1, et. seq. (the "UTPCPL").

84)     As set forth hereinabove in Paragraphs 78 through 81, Main Street has committed numerous violations of the FCEUA. Accordingly, under Section 2270.5(a), Main Street is deemed to have committed numerous violations of the UTPCPL as well.

85)     The UTPCPL provides that any person that "suffers an ascertainable loss of money or property" as a result of a violation of the UTPCPL may recover his actual damages and the court may, in its discretion, award treble damages, see 73 P.S. § 201-9.2.

WHEREFORE, Konidaris respectfully requests that this Court enter judgment in her favor against Main Street Acquisition Corp. as follows:

      (a)      for actual damages, to be proven at trial;

      (b)      trebling of the actual damages; and

      (c)      for the expense, including attorney fees, to be proven at trial, that Konidaris has incurred in bringing this action.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

BERNARD S. RUBB & ASSOCIATES

Date: August 3, 2016

*/s/ Bernard S. Rubb*
Bernard S. Rubb, Esquire
Pa. I.D. No. 22109

BERNARD S. RUBB & ASSOCIATES
434 Oliver Road
Pittsburgh, PA 15143
(412) 741-3021
Fax: (412) 741-3011
bernierubb@aol.com
bernierubb@gmail.com

Counsel for Plaintiff, Sophia Konidaris